# Melton *v.* Birmingham Railway Light & Power Co.

## *Damages for Injury to Passenger.*

(Decided Nov. 14, 1907. 45 So. Rep. 151.)

1. *Carriers; Passengers; Termination of Relation.*—The relation of passenger does not necessarily end when he leaves the street car, but continues until he has had a rereasonable opportunity to leave the carrier's roadway or stopping place after reaching the place to which he is entitled to be carried.

2. *Same; Alighting Passenger; Negligence.*—Unless the passenger was guilty of contributory negligence in crossing the track, or as-assumed the risk, the company was negligent, entitling the passenger to recover, where passenger signalled the conductor to be permitted to alight at a regular stopping place and the stop was made where the track was very rough and the passenger was injured in attempting to cross the track.

3. *Same; Evidence; Sufficiency.*—A plea asserting that a passenger voluntarily assumed the risk by knowingly alighting between stations, appreciating the danger of so doing, is not supported by evidence which showed that the passenger, with the assistance of the conductor, alighted from the car before she knew she was beyond her destination, or between that station and another.

APPEAL from Birmingham City Court.

Heard before Hon. C. W. FERGUSON.

Personal injury action by Susie R. Melton against the Birmingham Railway, Light & Power Company. From an order granting defendant a new trial on verdict and judgment for plaintiffff, plaintiff appeals. Reversed and rendered.

DENSON & DENSON, for appellant. The judgment of the court in overruling defendant's demurrers to counts 1 and 2 of plaintiff's complaint, was without error.— *Armstrong v. Montgomery St. Ry. Co.,* 123 Ala. 233; *Bir. Ry. L. & P. Co. v. Adams,* 40 South. 385. The fact that the court overruled plaintiff's demurrer to defendant's plea, being favorable to defendant, cannot be made

the basis for an application for new trial. The motion was too general in its averments, and will be disregarded.—*Cobb v. Malone,* 92 Ala. 633; *Ala. Mid. Ry. Co. v. Brown,* 129 Ala. 286. The court did not err in refusing the general affirmative charge.—*Montgomery City Council v. Wright,* 72 Ala. 422; *Houston & T. C. R. R. Co. v. Smith,* 32 S. W. 710; s. c. 33 S. W. 896. The defendant was not entitled to the affirmative charge under the 1st count of the complaint.—Authorities supra.

TILLMAN, GRUBB, BRADLEY & MORROW, for appellee. At the time of the alleged injury complained of the plaintiff was on the public street of the city of East Lake, and not on or about the premises of the defendant, and the relation of passenger and carrier had terminated, so the defendant was entitled to the affirmative charge, and the court did not err in granting new trial.—*Bir. Ry. L. & P. Co. v. Oldham,* 142 Ala. 156; *Creamer v. West End St. Ry. Co.,* 156 Mass.; *Chattanooga E. Ry. Co. v. Bodie,* 68 S. W. 646; *Ry. Co. v. Peacock,* 9 Am. St. Rep. 25; *Rushby v. Trac. Co.,* 12 Am. St. Rep. 919; *Ry. Co. v. Feirick,* 64 N. E. 221. The 2d count does not charge that the plaintiff was a passenger, and so was not within the lis pendens, and barred by the statute of limitations.—*Nelson v. First National Bank,* 139 Ala. 161.

DENSON, J.—This is an action by a passenger against a common carrier to recover damages for a personal injury alleged to have been sustained by the passenger through the negligence of the carrier's servants in and about the carriage of the passenger. The cause was tried on pleas of the general issue, contributory negligence, and assumption of risk. There were verdict and judgment for the plaintiff for $500, and from an order granting the defendant a new trial the plaintiff has taken this appeal.

[Melton v. Birmingham Railway Light & Power Co.]

We think there can be no doubt of the soundness of the proposition that the relation of passenger does not terminate when the passenger leaves the car, but continues until he has reasonable opportunity to leave the car and roadway of the company, after the car reaches the station or stopping place to which he is entitled to be carried. This is the generally accepted doctrine.— *Montgomery Street Railway Co. v. Mason,* 133 Ala. 508, 527, 32 South. 261; *Seller's Case,* 93 Ala. 9, 9 South. 375, 30 Am. St. Rep. 17; *Van Ostran v. New York, etc., R. R. Co.,* 35 Hun. 590, 595; Hutchinson on Carriers (2d Ed.) § 615. Nor do we think that it can be the subject of serious doubt that if the plaintiff, while traveling on one of the defendant's cars on a dark night, signaled the conductor to put her off at a particular street crossing (a regular stopping place), and the conductor understood the signal, but failed to put her off at that crossing, and put her off at a place beyond such crossing, where the company's track was ballasted with slag and was very rough, and that the plaintiff, while attempting to cross the track to go to her home, which was on the side of the track opposite the point where she alighted from the car, fell, and by the fall suffered the injury complained of, this would constitute actionable negligence, entitling the plaintiff, under either count of the complaint, to a recovery, unless she was guilty of contributory negligence in making her way across the track, or unless she assumed the risk. See authorities cited supra; *Houston & Tex. Cent. R. R. v. Smith* (Tex. Civ. App.), 32 S. W. 710; Id. (Tex. Civ. App.) 33 S. W. 896.

The evidence without conflict shows that the car was stopped beyond the street signaled for, that it was a very rough place at which the stop was made, that the conductor aided the plaintiff in alighting from the car,

7 R

and that in making her way across the track plaintiff fell and suffered the injury complained of. We are of the opinion that the evidence fails to afford a reasonable inference that the plaintiff, in her efforts to cross the track, was guilty of negligence which contributed to her injury. In this view, unless there is evidence to support the third pplea—that of assumption of risk—the court should not have set aside the verdict. That plea is in the following language: "And for further plea and answer to each of the counts in the complaint, separately and severally, defendant says the plaintiff voluntarily assumed the risk of said alleged injury, in this: Plaintiff voluntarily alighted from the car of the defendant between the stations with the knowledge of the fact, and with an appreciation of the danger in doing so." Issue was joined on this plea, so the applicability of the doctrine of assumption of risk to cases of this kind is not before us. The evidence, however, without conflict and without affording a reasonable inference to the contrary shows that the plaintiff, with the assistance of the conductor, had alighted from the car and was on the ground before she was aware of the fact that the car was beyond the Seventy-Second street crossing, or between Seventy-Second and Seventy-Third streets; so that, even if it should be conceded that the conductor proposed to plaintiff, after she had been put on the ground, to carry her on to Seventy-Third street (which, it may be granted, was as convenient for the plaintiff's purposes as was Seventy-Second), yet it cannot be said that the alighting of the plaintiff under the belief that the car had stopped at Seventy-Second street was voluntary, in the sense in which it is alleged in the plea; i. e., with the knowledge that the car was between the stations. Therefore the plea is not supported by the evidence, and furnished no ground for the order setting

aside the verdict.—*L. & N. R. R. Co. v. Johnson,* 79 Ala. 436; *L. & N. R. R. Co. v. Coulton,* 86 Ala. 129, 5 South. 458.

It follows that the court was not warranted in setting aside the verdict, either on the ground of error in the refusal to give the special charges requested by the defendant, or on the ground that the verdict was contrary to the evidence; and the order setting aside the verdict and granting a new trial must be set aside and annulled, and the verdict and judgment rendered for the plaintiff will stand intact in the court below.

Reversed and rendered.

TYSON, C. J., and SIMPSON and ANDERSON, JJ., concur.

*Action for Damages for Injury to Passenger.*

