SHELBY IRON CO. et al. v. COLE.
(7 Div. 248.)

(Supreme Court of Alabama. Nov. 30, 1922. Rehearing Denied Jan. 18, 1923.)

1. Negligence ⊙⟶32(2)—Owner under duty of reasonable care to avoid injuring contractor's workman.

Where plaintiff was working for an independent contractor who was engaged in doing work for defendant upon defendant's premises, defendant owed him a duty of reasonable care to avoid injuring him.

2. Negligence ⊙⟶110—Complaint held to charge negligence as to invitee.

A count of a complaint for simple negligence, showing negligent injury to plaintiff while he was rightfully on defendant's premises as an invitee of defendant, held sufficient as against demurrer.

3. Negligence ⊙⟶105—Assumption of risk no defense.

Pleas of assumption of risk arise out of contracts between the parties, and it would seem are inapt in an action for injuries to an invitee on defendant's premises, but the risk from a danger caused by defendant's negligence is not assumed.

4. Appeal and error ⊙⟶1040(7) — Sustaining demurrers to certain pleas of contributory negligence held without injury.

Where a plea to which demurrer was not sustained set up the same defense of contributory negligence as other pleas to which demurrers were sustained, and defendant received the full benefit of the defense of contributory negligence, in sustaining demurrers to certain pleas of contributory negligence, defendant was not harmed thereby.

5. Appeal and error ⊙⟶695(2)—Reversible error not rested on refusal of affirmative charge, where bill of exceptions does not set out all evidence.

No reversible error can be rested on the refusal of the affirmative charge, where the bill of exceptions does not show that it contains all, or substantially all, of the evidence.

6. Trial ⊙⟶253(9)—Charge failing to take into consideration evidence tending to show warning as to plaintiff's danger properly refused.

In action for injuries while on defendant's premises as an invitee, an instruction that unless, at the time plaintiff was injured, the elevator operator saw him and became aware of his peril, and then negligently failed to use all means to prevent the injury, was properly refused, as pretermitting from consideration evidence tending to show that the operator was warned of plaintiff's peril in time to prevent injury.

7. Evidence ⊙⟶473 — Objections to questions calling for statement of collective fact properly overruled.

In action for injury to plaintiff while an invitee on defendant's premises, objections to questions which called for a statement of collective fact were properly overruled.

8. Appeal and error ⊙⟶1078(1)—Assigned error stated in brief, but not argued, waived.

Assigned error, which was stated in the brief, but not argued, is considered waived.

Appeal from Circuit Court, Shelby County; A. B. Foster, Judge.

W. M. Cole sues the Shelby Iron Company and James C. Seale to recover damages for personal injuries. Judgment for plaintiff, and defendants appeal. Affirmed.

Count 1 reads:

"Plaintiff claims of the defendants $100,000 damages, for that, on, to wit, July 20, 1917, plaintiff, while upon the premises of the defendant, Shelby Iron Company, at the invitation of said defendant, and while engaged in doing work on said premises at the request of said defendant and for the benefit of said defendant, was injured in the county of Shelby, state of Alabama, as follows: An elevator of the defendant Shelby Iron Company was run against the plaintiff severely, and seriously injuring plaintiff's back, spine, head, viscera of the cranial, thoracic, pelvic, and abdominal cavities, general nervous system, and rupturing him, thereby causing plaintiff to endure very great physical and mental pain and suffering, to lose a great deal of time from his employment, and to incur great expense in and about the treatment of said injuries, permanently injuring plaintiff, and permanently rendering him less able to earn a livelihood.

"Plaintiff avers said injuries were proximately caused by the negligence of James C. Seale, a servant or agent of the defendant Shelby

Iron Company, while acting within the line and scope of his employment as such servant or agent of said Shelby Iron Company, which negligence consisted in this, said James C. Seale negligently ran said elevator against plaintiff."

Charge 19, refused to defendant, reads:

"(19) The court charges the jury that, unless you are reasonably convinced from all the evidence in this case that James C. Seale, who was operating the elevator at the time plaintiff received his injury, actually saw plaintiff and became aware of his peril, and then negligently failed to use all means at his hands to prevent the injury, then your verdict should be for the defendants under count 2 of plaintiff's complaint."

Assignments 35 to 42 are as follows:

"(35) The court erred in overruling plaintiff's question: 'What, if anything, was there to prevent Mr. Seale, who was operating the elevator, from seeing Mr. Cole?'

"(36) The court erred in overruling defendant's motion to exclude the answer to said last above-stated question, which answer was, 'I did not see anything to keep Jim from seeing him.'

"(37) The court erred in overruling defendant's objection to the following question: 'How was the elevator operated; in which way did the man look when he operated it, if you know?'

"(38) The court erred in overruling defendant's motion to the answer to said question, which was, 'Looks down of course.'

"(39) The court erred in overruling defendant's objection to the question: 'With Mr. Seale's looking down, would that be in the direction of Mr. Cole or not?'

"(40) The court erred in overruling defendant's motion to exclude the answer to said question, which was: 'Yes, sir.'

"(41) The court erred in overruling defendant's objection to the question: 'Was there any other place he could stand and do that work except in the place he was standing at that time?'

"(42) The court erred in overruling defendant's motion to exclude the answer to the last above question, which was: 'That would have been the proper place for him.'"

Leeper, Haynes & Wallace, of Columbiana, for appellants.

A complaint averring negligence in general terms, and then averring particular acts constituting the alleged negligence, unless the acts set out in themselves amount to negligence, the complaint is demurrable. 159 Ala. 276, 48 South. 682; 149 Ala. 529, 43 South. 33; 190 Ala. 142, 67 South. 238; 204 Ala. 544, 86 South. 469. When contributory negligence is specially pleaded, plaintiff joins issue upon the same, and both he and his witness testify that they had knowledge of the dangers set out in said plea, and no one denies the same, this is a complete answer to plaintiff's count 1, and where such is the fact the affirmative charge should be given when requested in writing as to that particular count. 100 Ala. 618, 13 South. 615; 90 Ala.

185, 8 South. 518, 11 L. R. A. 674. In order to prove negligence, it is necessary to show by some kind of evidence that the agent or servant in charge of the instrument had some notice or knowledge, or facts in his possession which would lead a reasonable man to believe, that some one would be in danger by reason of his handling the instrument, as the testimony shows the same was handled, and where there is no such testimony the affirmative charge should be given upon the written request of opposing party. 79 Ala. 230; 86 Ala. 278, 5 South. 438, 3 L. R. A. 406.

Longshore, Koenig & Longshore, of Columbiana, and Brown & Denson, of Birmingham, for appellee.

The fact being stated from which the duty legally arises, a general averment that defendant negligently injured plaintiff is sufficient. 94 Ala. 214, 10 South. 145. Assumption of risk arises out of contract; and, although a person assumes all the risks of the service in which he voluntarily engages, he does not assume any risk arising out of negligence. 135 Ala. 406, 33 South. 181; 132 Ala. 459, 31 South. 527; 138 Ala. 499, 35 South. 457; 153 Ala. 98, 45 South. 151, 16 L. R. A. (N. S.) 467; 163 Ala. 229, 50 South. 919, 136 Am. St. Rep. 69; 172 Ala. 512, 55 South. 211. The bill of exceptions does not purpose to set out all or substantially all of the evidence, and hence the court will not review the giving and refusal of charges. 180 Ala. 407, 61 South. 898; 101 Ala. 264, 13 South. 755; 128 Ala. 633, 29 South. 586; 143 Ala. 524, 39 South. 277; 171 Ala. 216, 55 South. 93; 139 Ala. 240, 35 South. 691; 163 Ala. 592, 50 South. 1036; 132 Ala. 264, 31 South. 78; 165 Ala. 349, 51 South. 763; 83 Fla. 377, 91 South. 269.

GARDNER, J. Appellee was injured while working for an independent contractor who was engaged in repairing machinery for appellant upon the premises of the latter, and recovered a judgment for the damages sustained, from which defendant prosecutes this appeal.

[1, 2] Plaintiff states his cause of action in two counts; the first resting for recovery upon the simple initial negligence of one Seale, the servant or agent of defendant, acting within the line and scope of his employment, in the operation of the elevator of defendant. Count 1 discloses that the plaintiff was rightfully upon the premises as an invitee of defendant, and the defendant owed him a duty of reasonable care to avoid injuring him. This count sufficiently discloses the relationship out of which this duty arose, and a negligent breach thereof. The more specific matters insisted upon by counsel would more properly arise upon the question of contributory negligence. Doullut & Wil-

liams v. Hoffman, 204 Ala. 37, 86 South. 73; M. & O. R. R. Co. v. George, 94 Ala. 199, 10 South. 145. There was no error in overruling the demurrer to this count.

[3] It is next insisted there was error in sustaining demurrers to pleas 3 and A, which counsel for appellant state are pleas of assumption of risk. Pleas of this character arise out of contracts between the parties (Kansas City, M. & B. R. Co. v. Flippo, 138 Ala. 487, 35 South. 457), and, it would seem, are here inapt (Melton v. B. R., L. & P. Co., 153 Ala. 98, 45 South. 151, 16 L. R. A. [N. S.] 467). Moreover, for aught that appears in these pleas, the danger to which plaintiff was exposed was the result of negligence of defendant, which is never assumed. Bierley v. Shelby Iron Co., ante, p. 25, 93 South. 829.

[4] Counsel for appellant argue there was error in sustaining demurrer to pleas 4, 5, 6, 7, and 8, which are pleas of contributory negligence, but demurrer was not sustained to plea 7. These pleas purport to be pleas of contributory negligence. Plea 7, to which demurrer was not sustained, sets up the same defense of contributory negligence as these other pleas, but carried with it none of the additional burdens with which the other pleas were incumbered. In addition to this, these defenses were also set forth in pleas B, C, and D, to which demurrer was overruled. The averments of these pleas disclose by comparison that defendant received the full benefit of this defense, as shown to be set up in the pleas to which demurrer was sustained, and therefore in no event could the defendant be said to have suffered any injury. It therefore becomes unnecessary to enter into a consideration of the sufficiency of these pleas as against the demurrer interposed thereto.

[5] Nor can reversible error be rested upon the refusal of the affirmative charge, as the bill of exceptions does not show that it contains all, or substantially all, the evidence upon which the cause was tried.

[6] Charge 19, requested by defendant, was properly refused, as it pretermitted a consideration by the jury of that portion of the evidence tending to show that the operator of the elevator was warned of plaintiff's peril in time to have prevented the injury.

[7] The questions to witnesses—objections to which were interposed, and the rulings upon which constitute assignments of error 36 and 42, inclusive—call for a statement of collective fact, and the court committed no error in overruling the objections thereto.

[8] There are numerous assignments of error which are merely stated in brief, but not argued, and are therefore considered waived.

We have here considered those assignments of error which have been treated by counsel for appellant in their brief, and, finding no reversible error, the judgment appealed from will be affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and MILLER, JJ., concur.