(110 So. 389)

HOPPER v. PENNINGTON.    (6 Div. 692.)

(Supreme Court of Alabama.    Nov. 18, 1926.)

**1. Trespass ⬤⇒45(1)—Evidence of message given to defendant by plaintiff's agent as to ownership of timber cut held relevant.**

Where in action for damages from cutting of timber, plaintiff's witness was permitted to testify that he carried message to defendant and others cutting timber asserting plaintiff's ownership, such evidence *held* relevant and properly admitted.

**2. Evidence ⬤⇒508—In timber trespass action, testimony of experienced scaler as to method of computing number of feet in log held competent and relevant.**

Testimony of plaintiff's witness in timber damage action, relative to means of computing number of feet in log, *held* relevant and competent, witness, experienced scaler, being subject to cross-examination on subject, and evidence being indicative of number, kind, and dimensions of trees involved.

---

⬤⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**3. Appeal and error ☞ 1170(7)—Admitting evidence adversely affecting only one defendant against whom no judgment was rendered, if error, was harmless (court rule 45).**

Where in timber damage action, defendant's witness, upon cross-examination, stated that loader was acting as agent for lumber company in loading plaintiff's timber, admission of such evidence affected only lumber company, and, in view of court rule 45, was harmless, where no judgment was rendered against such company.

Appeal from Circuit Court, Lamar County; Ernest Lacy, Judge.

Action by Mintie Pennington against J. H. Hopper and another. Judgment for plaintiff, and defendant J. H. Hopper appeals. Affirmed.

J. C. Milner, of Vernon, for appellant.

Counsel argues for error in the rulings assigned, but without citing authorities.

W. F. Finch, of Lake Worth, Fla., and O. E. Young, of Vernon, for appellee.

Counsel discuss the questions raised, but without citing authorities.

MILLER, J. This is a suit by Mintie Pennington against J. H. Hopper and the Columbus Lumber Company, a corporation, for damages for cutting and removing timber from her land and converting it to their use.

The plaintiff filed interrogatories under the statute (section 7764 of the Code of 1923) to each defendant. The Columbus Lumber Company answered them, and the defendant, Hopper, failed to do so after additional time therefor was given him by the court; and on motion of plaintiff a judgment by default was directed by the court to be and it was entered up against this defendant, Hopper, for his failing to answer the interrogatories. Section 7770 of the Code of 1923.

The jury returned a verdict in favor of the Columbus Lumber Company; and the jury assessed the damages due plaintiff by defendant, Hopper, at $400, and from a judgment thereon by the court this appeal is prosecuted by J. H. Hopper.

The plaintiff owned a small tract of land. Hopper, defendant, also claimed to own it. He or his agents or servants cut and removed the timber from this land and sold it to the Columbus Lumber Company. This was the tendency of some of the evidence.

[1] Jack Lampkin, witness of the plaintiff, was permitted by the court, over objection of the defendant, Hopper, to answer this question propounded by plaintiff:

"Q. When they began cutting timber there on that six-acre tract of land, did Mrs. Pennington, the plaintiff in this case, instruct you to take any message to Mr. Hopper or the Columbus Lumber Company, or both? Answer: 'Yes, sir. After she instructed me to carry Mr. J. H. Hopper a message, I told Mr. Hopper, Mr. Brewer, and the cutter and those that were hauling it. I told them that wasn't Mr. Hopper's timber; that it was Mintie's timber and to stay off there."

This was relevant evidence. It showed that the witness was agent of the plaintiff, with instructions to give the message to the defendant, Hopper, which was delivered to him. The message indicated plaintiff claimed to own the timber and notified the defendant of it and requested him not to cut it. Evidence tending to show the timber was being cut by Hopper had already been introduced. Volume 11 of Michie's Alabama Digest, section 14, on page 51, subject, "Declaration of Agent."

[2] There was evidence indicating the number and the kind of trees that were cut and removed from the land by Hopper, the diameter of each at the stump, at the top, and the length of the log.

Frank McGee, witness for the plaintiff, was asked by her this question, over objection of the defendant, which he answered:

"Q. Now, suppose you take this proposition: If you have the diameter of the stump and the diameter of the top and the length from the stump to the top, and you multiply half of the length by the square of the diameter, less 4, divided by 8, does that give you approximately the number of feet in a log, or do you know whether it does or not?"

He answered:

"A. To take the average of the diameter—that is, you take the top and the butt of the log and add together and divide it—and the average of it and 4 inches off will give it."

This witness had been in the sawmill business for 16 or 17 years, and had experience in scaling logs, and said he knew some of the methods and rules of scaling logs. It was relevant and competent to give the jury this method or rule for ascertaining the number of feet in a log, so they could calculate the number of feet in the logs cut and removed from this land of the plaintiff. If the rule was inaccurate or incorrect, as testified to by the witness, then it could be shown on cross-examination of him or by other evidence.

[3] H. M. Funderburk, witness for the defendant, testified on cross-examination:

"They loaded them (the logs) on the Columbus Lumber Company cars and hauled them off."

Plaintiff then asked him, over objection of defendant:

"And as agent for the Columbus Lumber Company they did that?"

And he answered:

"The loaderman loaded them. He was working for the Columbus Lumber Company."

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

This question and answer could only affect the Columbus Lumber Company. No judgment was rendered against it. This appellant could not complain at this ruling.

If error, which we do not intimate, this defendant was not injured or ·affected by it. Rule 45 of this court. The assigned errors which were treated in brief of appellant have been considered, and those not argued therein are considered waived. Shelby Iron Co. v. Cole, 208 Ala. 657, headnote 8, 95 So. 47.

There is no reversible error in the record, and the judgment is affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.