# Ala. Great Southern Railroad Co. *v.* Chapman.

80 615
e143 218

### *Action against Railroad Company for Personal Injuries.*

1. *Direct and remote injuries.*—Where plaintiff was struck and injured, while walking along a path by the side of a railroad track, by a cow which was thrown from the track by the engine, and which fell against plaintiff after striking the ground, the injury is the proximate consequence of the engine striking the cow; and the railroad company is liable on account of it, if there was negligence on the part of the engineer, although he was guilty of no negligence towards the plaintiff personally.

2. *Statutory duties of railroad engineer.*—Negligence is imputed by law to a railroad engineer, when he fails to comply with the statutory requirements in order to avoid injuries (Code, § 1699); but the statute does not require him to endeavor to stop his train, except "on perceiving an obstruction on the track;" and when he perceives a cow, not on, but near the track, on the embankment, and the animal attempts to cross the track when the engine is so near that he can not stop the train by the use of all the means in his power, the statute does not require him to make a vain and useless attempt.

3. *Same.*—A charge which instructs the jury that the engineer "is required to use all means known to skillful engineers, even greater diligence than the requirements laid down in the statute," is erroneous, since the statute prescribes the rule of diligence, and the courts can not add to it; and its requirements are, that he shall use all means "within his power" known to skillful engineers.

4. *Contributory negligence.*—Although the plaintiff, while walking along a path near the railroad track, on the company's right of way, was a trespasser, this did not constitute contributory negligence, if she made due use of her senses to discover an approaching train, and, on its nearer approach, used proper exertions to place herself beyond peril.

APPEAL from Sumter Circuit Court.
Tried before the Hon. S. H. SPROTT.

[Ala. G. S. Railroad Co. v. Chapman.]

This action was brought by Eliza Chapman against the Alabama Great Southern Railroad Company, a domestic corporation, and was commenced 28th July, 1884. The complaint avers that on the 15th August, 1883, while plaintiff was walking in a path near the track of defendant's road, an engine on said road threw a cow from the track and against the plaintiff, whereby she was greatly injured. The complaint further avers that the engineer of said engine and train failed to blow the whistle or ring the bell as said train entered the corporate limits of the town of Livingston (where the injury occurred), and to continue to blow said whistle or ring said bell at intervals until he reached the depot in said town, and failed to use all means within his power, known to skillful engineers, in order to stop said train and thus prevent the injury to plaintiff. (Rev. Code, 1876, § 1699). To the complaint the defendant pleaded the general issue, and specially the contributory negligence of the plaintiff. After the introduction of a number of witnesses by both parties in regard to the circumstances attending the infliction of the injury of which the plaintiff complains, the court gave the following charges, at the request of the plaintiff: "2. If the jury believe from the evidence that the engineer failed to use all means known to skillful engineers to stop the train and thereby prevent the injury, or if they believe from the evidence that the engineer failed to ring the bell or blow the whistle of the train on entering the corporate limits of the town of Livingston, and to continue to blow said whistle or ring the bell at intervals till he passed through said town, then this was such negligence as would make the defendant responsible for such injuries as is shown by the evidence the plaintiff suffered, if said injuries were the result of such negligence ; and the plaintiff would be entitled to a verdict, unless it appears that she was guilty of negligence on her part ; and the fact that she was on the side of the railroad track, if it is a fact, would not be such negligence as would prevent a recovery, if the jury find from the evidence that she exercised reasonable diligence in trying to get beyond the reach of danger." "4. Ordinary diligence does not meet the reasonable requirements in managing and running a railroad train, but the engineer is required to use all means known to skillful engineers, even greater diligence than the requirements laid down in the statute." "5. The jury, in considering the question of contributory negligence, must not confound conditions with causes. The mere fact that a person is in an improper position, when, if he had not been there, no damage would have been done to him, does not preclude him from recovering. Such circumstance is only a condition to the happening of the damage, not a cause of it, and if the jury believe from the

[Ala. G. S. Railroad Co. v. Chapman.]

evidence that the position of the plaintiff, at the time she was struck was merely a condition to the injury and not a cause of it, and that it had not the natural tendency, such as exists between cause and effect to place her in the direct way of the danger, which resulted in the damage to her, then the defense of contributory negligence can not prevail." To the giving of these charges the defendant excepted. The defendant then requested the following charge in writing : "If the jury believe from the evidence that the plaintiff was upon the right of way of the defendant when the injury complained of occurred, then she was a trespasser, and if she was injured by the negligence of the railroad company she can not recover, unless such negligence was willful; mere gross negligence," which was refused. There was a verdict and judgment for the plaintiff, and the defendant takes this appeal, assigning as error the giving of the charges asked by the plaintiff, and the refusal to give the charge asked by the defendant.

A. G. SMITH, for appellant.—1. Railroads are only responsible for injuries when they have been guilty of negligence. If there was no negligence in throwing the cow from the track, there could be no negligence in the consequential injury to the plaintiff by being struck by the cow. The plaintiff can not recover except for injuries resulting proximately as the natural result of the cause.—69 Ala. 373 ; Add. on Torts, § 1355 (note 2); *Ib.*, § 567 ; 1 Brick. Dig. 522, § 8 ; 29 Ala. 318 ; 13 Ala. 490. While the natural and proximate result of striking the cow was to throw it from the track, the striking of the plaintiff by the bounding of the cow after striking the ground, was a remote and consequential injury for which no recovery can be had against the railroad. 2. Charge numbered 4 should not have been given. It asserts the proposition that the railroad is to be held to a greater degree of diligence than the statute requires. This too, when the evidence showed that the plaintiff was a trepasser by being on the embankment of the railroad.—*Pratt Coal and Iron Co. v. Davis v. Davis*, 79 Ala. 308. If the engineer had seen the plaintiff and saw that she was getting off the right of way he would not have been compelled to stop his train.—67 Ala. 533 ; 62 Ala. 621. 3. The charge asked by the defendant should have been given.—See Am. Rep., Vol. 1, 339 ; Vol. 19, 364 ; Vol. 22, 112 ; Vol. 48, 719 ; Vol. 30, 185.

JNO. J. ALTMAN, and J. H. LITTLE, *contra.*—(No brief came into the hands of the Reporter).

CLOPTON, J.—The case presented by the record does

[Ala. G. S. Railroad Co. v. Chapman.]

not call for the application of the principles which control when a trespasser on the track or right of way of a railroad company is injured by personal contact with the locomotive or train. Without having been first discovered, the plaintiff was injured, while walking along a path on the right of way of defendant, by being struck by a cow, which was thrown from the track of the railroad by the engine. On the undisputed facts, the defendant was not guilty of want of care or negligence in respect to any duty which the company owed plaintiff *individually*. No question of wanton, or reckless, or intentional negligence is involved; and instructions as to the degree and character of negligence requisite to liability, when a trespasser, who is guilty of contributory negligence, is injured, are inapplicable, tend to mislead the jury by multiplying and confusing the issues, and should be refused when asked by either party.

It is insisted, that the act of defendant was only the remote cause of the injury. When the cow was thrown by the engine, it struck the ground, bounced, and fell against plaintiff. The bounce and fall of the cow was the immediate cause, but it was merely incidental, and was not an independent agency, which had no connection with the act of the defendant. The direct cause was put in operation by the force of the engine, which continued until the injury; and injuries directly produced by instrumentalities thus put in operation and continued, are proximate consequences of the primary act, though they may not have been contemplated or foreseen. The relation of cause and effect between the primary cause and the injury is established by the connection and succession of the intervening circumstances. If the cow was thrown from the track by the negligence of defendant, the injury can not be regarded as a purely accidental occurrence, for which no action lies.—*East Tenn., V. & G. R. R. Co. v. Lockhart*, 79 Ala. 315; *Ala. Gt. So. R. R. Co. v. Arnold, ante* p. 600.

There being no negligence towards the plaintiff personally, her right to a recovery depends upon the issue of negligence in striking and throwing the cow from the track. The only negligence averred and claimed consists in the alleged failure of the engineer to comply with the statutory requirements in regard to blowing the whistle and ringing the bell, and using all means in his power known to skillful engineers in order to stop the train. The statute imputes negligence, when there is a failure to comply with the statutory requirements, and imposes on the company liability for all damages to persons or property resulting from such failure. The court evidently intended to so instruct the jury; but a fatal defect in the charges relating to this aspect of the case consists in an erroneous state-

[Ala. G. S. Railroad Co. v. Chapman.]

ment of the statutory rule, as to when it becomes the duty of the engineer to use all means in his power known to skillful engineers in order to stop the train.   The charges assert that a failure to attempt to stop the train, without reference to the statutory circumstances on which the duty arises, is negligence. The statute does not require the engineer to endeavor to stop the train, except on *perceiving some obstruction on the track of the road.*  If the evidence of the engineer be believed, when he first discovered the cow, she was about one hundred yards in front of the train down the embankment; on sounding the cattle alarm, she started up the embankment towards the track; the train was an excursion train, loaded with people, and on a heavy down grade; and he was unable to stop it by the use of all the means in his power.   An animal near the road is not an obstruction on the track in the meaning of the statute; and if the cow, suddenly and unexpectedly started towards the track when the train was so near, that the use of all the means in the power of the engineer would not have availed to stop the train in time to avoid a collision, there was no violation of his statutory duty in not making a vain and useless attempt.—*East Tenn., V. & G. R. R. Co. v. Bayliss,* 77 Ala. 429.   The charges of the court operated to withdraw this evidence from the consideration of the jury, and to virtually instruct them, that, notwithstanding they might believe it, and the inferences which might be drawn therefrom, the engineer was guilty of negligence if he failed to use all means within his power known to skillful engineers in order to stop the train.

In reference to this subject, the court further charged the jury, at the instance of plaintiff, that " the engineer is required to use all means known to skillful engineers, even greater diligence than the requirements laid down in the statute." The negligence complained of is statutory.   The legislature prescribes the requirements, a failure to comply with which would constitute negligence.   While it is true, as a general rule, that railroad companies, managing and operating trains by steam power, will be held to the same degree of care and diligence which careful and prudent men use in the management of interests and enterprises of similar importance, magnitude, and danger, when the statute makes that negligence which is not at common law, and prescribes its constituents, the courts can not add thereto.   The statute requires the engineer to use all means *within his power* known to skillful engineers; but the charge of the court requires him to use all means known to skillful engineers though they may not be in his power nor at his command.   A different rule would apply, if it were alleged that the injury was caused by the negligence of the company

[Ala. G. S. Railroad Co. v. Chapman.]

in failing to provide suitable and proper appliances for the purpose.

As to the special defense of contributory negligence it may be remarked, that the question is, not whether plaintiff's negligence caused, but did it proximately contribute to her injury? While she may effectually contribute by putting herself in peril, mere exposure to danger will not, of itself, disentitle her to recover. She was a trespasser on the right of way of the defendant when she received the injury, but this is no defense unless her negligence contribused to produce it. To go on the track of a railroad, especially in a town or city, where passing and re-passing are frequent, does not, of itself, constitute contributory negligence, but may be a condition remotely contributing to a subsequent injury, and may be the initiative of contributory negligence. Having voluntarily assumed the risk, the plaintiff assumed the duty of observing due precautions against danger—the duty of lookout and reasonable care and diligence to avoid injury. Whether the plaintiff was guilty of contributory negligence, that disentitles her to recover, though the defendant may have been negligent, depends on the solution of the questions whether or not, while walking on the track of the railroad, she duly used her senses of hearing and sight to discover an approaching train in time to avoid danger, and if so, whether or not, on discovering its approach she made proper exertions to place herself beyond peril—not whether she merely stepped off the track so that the train could pass without striking her, but at sufficient distance to afford reasonable safety from injury, arising from a casualty happening to the train while passing? Nothing short of this would, in such case, be the exercise of due care to avoid injury. The defense of contributory negligence will fail or prevail as these questions may be answered by the jury in the affirmative or negative.—*Frazer v. S. & N. Ala. R. R. Co.* Charge No. 5, requested by plaintiff is defective in ignoring the duty of plaintiff to exercise ordinary care to avoid the injury, by efforts commensurate with the peril to which she had voluntarily exposed herself, and moreover is argumentative.

Reversed and remanded.