(75 South. 290)

**ILLINOIS CENT. R. CO. v. CAMP.**

(6 Div. 440.)

(Supreme Court of Alabama. April 5, 1917. Rehearing Denied May 17, 1917.)

1. RAILROADS ⟝350(7, 16) — CROSSING ACCIDENT—INJURY TO TRUCK—QUESTION FOR JURY.

In action for injury to plaintiff's automobile truck, struck by a train at a public crossing in a city, conflicting evidence as to whether or not signals were given for the crossing, and as to whether the driver of the truck stopped, looked, and listened before attempting to cross the tracks, presented a question of fact for the jury.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 1161, 1169, 1171, 1174.]

2. RAILROADS ⟝310—CROSSING ACCIDENT—INJURY TO TRUCK—ORDINANCE.

In such action, the accident having occurred where street car tracks crossed the railroad tracks, plaintiff was properly allowed to avail herself of the provisions of an ordinance requiring railroad trains to come to a full stop at the crossing of a street railroad track, where no watchman or flagman is stationed.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 982–987.]

3. RAILROADS ⟝310—CROSSING ACCIDENT—INJURY TO TRUCK—STATUTE.

In such action, plaintiff was entitled to the protection of Code 1907, § 5474, providing that where tracks of two railroads cross each other at grade, trains must come to a full stop, etc.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 982–987.]

Appeal from City Court of Birmingham; John C. Pugh, Judge.

Action by Mrs. Pruie Camp against the

Illinois Central Railroad Company. From a judgment for plaintiff, defendant appeals. Affirmed.

Percy, Benners & Burr, of Birmingham, for appellant. Beddow & Oberdorfer, of Birmingham, for appellee.

THOMAS, J. Plaintiff's automobile truck was injured in a collision between the truck and a passenger train of the defendant, at a public crossing in the city of Birmingham. Defendant's said train was proceeding easterly, along a street in said city known as "Twenty-Third avenue," while plaintiff's truck which collided therewith was proceeding southerly, along an intersecting street known as "Twenty-Sixth street." A street car track of the Birmingham Railway, Light & Power Company was laid along Twenty-Sixth street, and the plaintiff's truck was moving along this street, to the driver's right of said street car track, when the collision occurred.

[1] There was the usual conflict in the evidence as to whether or not signals were given for the crossing, and as to whether or not the driver of the truck stopped, looked, and listened, before attempting to cross defendant's tracks. Thus was presented a question of fact for the jury. Amerson v. Corona Coal & Iron Co., 194 Ala. 175, 69 South. 601; Corona Coal & Iron Co. v. Amerson, 75 South. 289;[1] Crandall-Pettee Co. v. Jebeles Co., 195 Ala. 152, 69 South. 964.

[2, 3] Plaintiff sought to avail herself of the provisions of an ordinance of the city of Birmingham, which is as follows:

"Section 646. *Railroad Trains to Come to Full Stop at Crossings.*—It shall be the duty of any conductor, or other person in charge of any railroad train to cause the same to come to a full stop within one hundred feet from the place at which one railroad crosses any other railroad or street car line at which no flagman or watchman is regularly stationed, and it shall be the duty of the conductor of such railroad train or locomotive not to allow it to cross, without having some one connected with the train crew walk across the track in front of such train or locomotive. Any person guilty of a violation of this section shall be fined not less than one dollar nor more than one hundred dollars"

—and of the provisions of section 5474 of the Code, 1907, as follows:

"When the tracks of two railroads cross each other at grade, engineers and conductors must cause the trains of which they are in charge to come to a full stop within one hundred feet of such crossing, and not proceed until they know the way to be clear, the train on the railroad having the older right of way being entitled to cross first; but the provisions of this section shall not be applicable where crossings of such roads are regulated by interlocking crossing or derailing switches, or other safety appliances of like kind to prevent collisions at crossings, nor where a flagman or watchman is stationed at such crossings, and such flagman or watchman signals that the trains may cross in safety."

Defendant challenged plaintiff's right of protection under said statute and ordinance, by demurrer to the several counts of the com-

---

⟝For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

[1] Ante, p. 3.

plaint, and by objection and exception to the introduction in evidence of the statute and the ordinance, which demurrer and objections were overruled by the court. Defendant further objected and excepted to the admission of evidence, under said statute and ordinance, respectively, that defendant's train, on the occasion of the injury, did not stop within 100 feet of the crossing; that there had been provided neither flagman nor watchman at said crossing; that said crossing was not regulated by an interlocking crossing or a derailing switch or other like safety appliance to prevent collisions; and that no person connected with defendant's train crew walked across the track in front of its train before it crossed. These questions were further reserved by appropriate given and refused charges. The authorities cited by appellant are not decisive of the question presented by this appeal. In Louisville & Nashville Railroad Co. v. Markee, 103 Ala. 160, 15 South. 511, 49 Am. St. Rep. 21, an employé sought to set up certain statutory provisions now codified as section 5473, declaring the duty of the engineer as to giving signals at public crossings. So of the cases of L. & N. R. R. Co. v. Holland, 164 Ala., 73, 51 South. 365, 137 Am. St. Rep. 25, and Lacy-Buek Iron Co. v. Holmes, 164 Ala. 96, 51 South. 236. The cases of B. R. L. & P. Co. v. Mosely, 164 Ala. 111, 51 South. 424, and Southern Ry. Co. v. Cooper, 172 Ala. 505, 55 South. 211, and Central of Georgia Ry. Co. v. Chambers, 183 Ala. 155, 62 South. 724, did not deal with the statute under consideration, but declared generally of statutes and municipal ordinances passed for the conservation of the safety of the public at public places along a railway.

The precise question presented for determination on this appeal, however, was decided in the well-considered case of Southern Railway Co. v. Williams, 143 Ala. 212, 38 South. 1013. On this authority the judgment of the city court is affirmed.

Affirmed.

ANDERSON, C. J., and MAYFIELD and SOMERVILLE, JJ., concur.