156 So. 768

### DUNKLIN v. HANNA.
### 2 Div. 39.

Supreme Court of Alabama.
May 17, 1934.

Rehearing Granted Oct. 4, 1934.

Arthur W. Stewart and Judson C. Locke, both of Marion, and Pitts & Pitts, of Selma, for appellant.

Frank Gordon, of Marion, and S. F. Hobbs, of Selma, for appellee.

BROWN, Justice.

This is an action on the case by the appellant against the appellee for damages for personal injuries which plaintiff alleges he received in consequence of the negligence of the defendant in the operation of an automobile in which both of the parties were traveling from Selma to Marion, Ala. The complaint consists of two counts, in substance and legal effect the same, alleging that plaintiff was a passenger of the defendant who owned and operated the automobile. The defendant pleaded, in short by consent, the general issue and contributory negligence.

Under the evidence, both the question of negligence on the part of the defendant and contributory negligence on the part of the plaintiff were for the jury. If, as some phases of the evidence go to show, the plaintiff, at defendant's request, undertook to aid the defendant in the operation of the automobile by keeping a lookout and keeping the defendant posted as to their whereabouts as they proceeded, and plaintiff negligently failed to do so and this proximately contributed to his own injury, this would bar his right to recover. McGeever v. O'Byrne, 203 Ala. 266, 82 So. 508.

If it should be conceded that the doctrine of assumption of risk is applicable to a case of this character, a matter of serious doubt (5 C. J. pages 142, 143; Shelby Iron Co. et al. v. Cole, 208 Ala. 657, 95 So. 47; Kansas City, Memphis & Birmingham Railroad Co. v. Flippo, 138 Ala. 487, 35 So. 457; Melton v. Birmingham Railway Light & Power Co., 153 Ala. 95, 98, 45 So. 151, 16 L. R. A. (N. S.) 467; Bierley v. Shelby Iron Co., 208 Ala. 25, 93 So. 829; McGeever v. O'Byrne, supra), under the pleadings and evidence it was not applicable to this case as presented in the trial court. There was no intimation in the agreement to plead in short that any such defense would be put forward, and there was no evidence showing or tending to show any defect in the automobile or the brakes, or, if there was, that the plaintiff had any knowledge thereof.

As was observed in McGeever v. O'Byrne, 203 Ala. 266, 269, 82 So. 508, 511, "The phrase 'assumption of risk' is, however, sometimes loosely applied to cases where there was no contractual relation between the plaintiff and the defendant, but that use of the phrase 'must be confined to cases where the plaintiff knew and appreciated the danger and voluntarily put himself in the way

of it.' " Charge 2, given at defendant's request, pretermits such knowledge, and, besides being inapt and misleading, is unsound, and the court erred to reversal in giving said charge.

While charge 1 given at the instance of the defendant appears to have been carelessly drawn, it is not inherently erroneous.

The other questions argued have been considered, but we deem it unnecessary to treat them; they are without merit.

Reversed and remanded.

GARDNER, THOMAS, and KNIGHT, JJ., concur.

## On Rehearing.

### PER CURIAM.

If the evidence was sufficient to reasonably satisfy the jury that the hypothesis of charge 2 was true, and the condition so hypothesized was the proximate cause of plaintiff's hurt, the defendant was not guilty of actionable negligence, and the concluding expression in the charge, " * * * then Mr. E. Burnett Dunklin must be held to have assumed the risk of injury proximately caused by such latent defect, and could not legally recover anything of Dr. Hanna," though unsound, may be treated as surplusage, and the giving of the charge does not constitute reversible error.

The rehearing is therefore granted, the judgment of reversal is set aside, and the judgment of the circuit court will be affirmed. It is so ordered by the court.

ANDERSON, C. J., and GARDNER, THOMAS, BOULDIN, FOSTER, and KNIGHT, JJ., concur.

BROWN, Justice (dissenting).

Reasons, other than those heretofore stated, occur to me why the conclusion of the majority is erroneous. The first is that it is assumed that there was evidence going to sustain the hypothesis of charge 2; that is, that the brakes were defective. The testimony upon which the appellee and the court rely to sustain the hypothesis is that of the witness England, who appeared on the scene some time after the accident, and that of Dr. Hanna. To quote from appellee's brief supporting the application, England testified:

"I noticed tracks *or skidded places* on the road. I traced those tracks from where they started to where the car was. It was dug out in the highway when he put on the brakes. There was a skip in the tracks to where the car was. Where it turned over. Right where it turned over the two right hand tires blowed (blew) out. I measured from where the car was to those dug out places—it was 14 steps back to the place. I stepped those off." (Italics supplied.)

Dr. Hanna testified: "The brakes on that trip from Marion to Selma and from Selma back to the scene of the accident, responded and worked properly. * * * I just put on the brake. I have been driving an automobile 24 years. I have driven cars at this rate of speed frequently. I did everything that a careful, prudent driver should have done after discovery of the peril. I did not leave anything undone that an ordinary, careful, prudent and skilful driver would have done. * * * I swung out as far as I could and put on the brakes gradually. I swung out as far as I could and the car became unmanageable and had a tendency to go to the right, 'till it suddenly went to the left, and I had no control of it. It struck the signboard. I heard a noise of skidding tires. * * * After I put on the brakes and held them on without slamming them on it is hard to say how far the car traveled and how long I had them on before I felt them bite. I don't know, but it had gone some little distance. The car responded to the brakes, at first, then it was unmanageable. I could not do anything with it. The car turned over after I heard the squeaking and skidding of wheels. It stopped at the intersection of the two roads, not far from the sign post. The sign post is out in the middle of the intersection. The car stayed there until it was set up on its wheels. Mr. England got there before I left. It was put up on its wheels. I do not remember whether I helped or not. Nothing has been done to it. No one has tried to operate it. * * * I mean to state that I turned the curve at 40 or 45 miles—that is the usual way. * * * *If my brakes had worked all right I would have made the turn.*" (Italics supplied.)

The statement of Dr. Hanna italicized is not evidence, but a mere conclusion of the witness, unsupported by the evidence.

The quoted testimony clearly shows that the brakes on the car were in excellent condition, and that the speed of the car as it approached the sharp turn in the road, and the instant application of the brakes, were the proximate cause of the injury. It is a matter of common knowledge that the design and purpose of the brake is to impede the revolution of the wheels so that the friction of the tires on the surface of the highway will slack-

en the speed and eventually bring the automobile to a stop. The brakes worked so effectively that the rear tires skidded and dug into the surface, and eventually blew out, causing the automobile to jump, catapult, or roll a distance of fourteen steps before it came to rest. According to Dr. Hanna, it was moving from 40 to 45 miles per hour, when he applied the brakes.

If the brakes became defective as a result of the high speed and their intense application by the driver, and these acts of the operator were negligent—this, under the evidence, being a question for the jury—such negligence would be the proximate cause of the catastrophe. Where two facts or causes concur in producing injury, one culpable and the other not, the law takes the wrongful or culpable act as the proximate cause. Thompson v. Louisville & Nashville Railroad Co., 91 Ala. 496, 501, 8 So. 406, 11 L. R. A. 146; Dye-Washburn Hotel Co. v. Aldridge, 207 Ala. 471, 475, 93 So. 512; Cook v. Continental Ins. Co., 220 Ala. 162, 124 So. 239, 65 A. L. R. 921.

The facts hypothesized in charge 2 relieve the defendant of culpability, and on the principle just stated, the defective brake cannot stand as the proximate cause of plaintiff's injury; hence the charge is unsound. At most, the defective brake (if it was defective) was merely a condition on which the negligence of the driver of the car (if he was negligent) operated to produce the injury.

Another fault of the conclusion of the majority is that it ignores the principle that there may be two concurring proximate causes. In the instant case, if the brake was defective and the car was negligently operated and the two causes proximately contributed to cause the injury, liability would appear, unless barred by contributory negligence of the plaintiff. Alabama Power Co. v. Bass, 218 Ala. 586, 119 So. 625, 63 A. L. R. 1; Illinois Central R. Co. v. Camp, 201 Ala. 4, 75 So. 290; Ala. Great Southern Railroad Co. v. Chapman, 80 Ala. 615, 2 So. 738.

It is a mistaken thought to say that a guest or invitee assumes *any specific risk* in accepting an invitation unless he has knowledge or notice of such risk. More correctly, as applied to automobile travel, in the absence of knowledge or notice, he accepts the vehicle in its then condition, and to sustain liability, assumes only the burden of proving negligence—the failure of his host to use the care of an ordinarily prudent person in the operation of the automobile.

I therefore respectfully dissent.

For other cases see same topic and KEY NUMBER in all Key Number Digests and Indexes