30 So.2d 694

### COSBY et al. v. FLOWERS.
#### 4 Div. 377.

Supreme Court of Alabama.
May 22, 1947.

E. C. Orme and J. H. Wilkerson, both of Troy, for appellants.

LIVINGSTON, Justice.

The appellee, plaintiff in the court below, was injured when the truck in which he was riding as a passenger collided with a truck belonging to one of the appellants, and was being operated by the other appellant as agent or servant of the owner.

The injury occurred about nine thirty o'clock on the night of August 26, 1944, on state highway number 231, and northward from the city of Troy, near the city's corporate limits. For convenience we will refer to the truck in which appellee was riding as a passenger as "plaintiff's truck," and the other truck as "defendants' truck."

Defendants' truck was proceeding northward from Troy, and Cosby, one of the appellants, was driving it and one Woodrow Scarbrough was riding with him as a passenger. At some distance behind defendants' truck, plaintiff's truck was being driven by one Rogers and appellee was riding therein as a passenger. At a point entering a curve on highway No. 231, and curving to the left when considered with reference to the direction in which the trucks were proceeding, defendants' truck came to a stop on the right side of the highway and partially off the paved portion of the highway. Plaintiff's truck collided with the rear end of defendants' truck, and a timber on the flat body of defendants' truck ran or was driven through the cab of plaintiff's truck, striking and severely injuring appellee. At the point of actual collision the driver of plaintiff's truck was able to turn or veer it to the left so that it passed defendants' truck and he brought it to a stop with its rear end about even with the hood of defendants' truck.

Jack Giddens, of Troy, and Hill, Hill, Whiting & Rives, of Montgomery, for appellee.

The complaint as amended contained five counts. In legal effect, counts 1, A, B, and C are the same, and rely for a recovery upon the alleged negligence of the defendants, their servants or agents, acting within the line and scope of their authority in operating a truck on a public highway so as to cause it to collide with a truck on which plaintiff was riding as a passenger.

The negligence relied upon in count D was the violation of the statute requiring that a vehicle parked or stopped upon a highway whether attended or unattended during the period from a half hour after sunset to a half hour before sunrise shall have displayed thereon one or more lamps projecting a white light in front and a red light in the rear. Section 46, title 36, Code of 1940.

Appellants joined issue on each count, separately and severally. There were verdict and judgment for the plaintiff for $12,-500, from which defendants appeal.

Plaintiff's evidence tended to show that the collision of the two trucks occurred on a curve to the left; that just before the collision the two trucks met and passed two motor vehicles going in the opposite direction; that the headlights on these two motor vehicles were bright, and that the driver of plaintiff's truck was somewhat blinded by the lights on the other motor vehicles and that he reduced the speed of his truck, and as he came out of the glare of the lights of the other vehicles he was within some ten or fifteen feet of defendants' truck stopped or parked on the paved highway with no lights burning; that the left rear corner of defendants' truck was practically on the white line in the center of the highway; that the right front of plaintiff's truck struck the left rear of defendants' truck, and that a timber of defendants' truck was driven through the windshield of plaintiff's truck and severely injured plaintiff. That the driver of defendants' truck was "staggering drunk."

Defendants' testimony tended to show that about the time defendants' truck entered the curve it met and passed the two motor vehicles mentioned above; and about the time the two motor vehicles passed all of the lights on defendants' truck suddenly went out. When the lights went out the driver of defendants' truck at once applied the brakes and brought the truck to a stop on the right hand side of the highway, partially off the paved portion; that just as the defendants' truck came to a stop the truck of plaintiff struck it in the rear; that the driver of defendants' truck was unaware of the approach of plaintiff's truck.

The trial court refused the affirmative charge to defendants as to each count in the complaint. Such refusal is made the basis of appellants' assignments of error numbered 3, 4, 5, 6 and 7.

We have set out above the essence of count D of the complaint. Our statute makes provision and allowance for enforced temporary stoppage of a motor vehicle upon a highway—Subdiv. (c) of section 25, title 36, as amended, Code—but expressly provides that such provision for temporary parking is subject to the rule requiring lights on parked vehicles, as found in section 46, title 36, supra. It is settled by the decisions of this Court that the violation of a statute is negligence per se, and that one proximately injured thereby may recover therefor against the violator of the law. Watts v. Montgomery Traction Co., 175 Ala. 102, 57 So. 471; Newell Const. Co. v. Berry, 223 Ala. 111, 134 So. 868. It is therefore clear that appellants were not due the general charge as to count D, for that it was a question for the jury under all the circumstances. And it is equally clear that under the evidence they were not entitled to the general charge as to counts 1, A, B and C.

Defendants' refused charge 6 reads:

"The court charges the jury that if you find, after a consideration of all evidence, that the plaintiff's injuries were caused by an unavoidable accident your verdict should be for defendant."

Whatever may have been the former rulings of this Court on this or similar charges, the rule is now settled to the effect that because of the tendency to confuse and mislead, the better practice is to refuse such charge. The trial court did not err in refusing charge 6. Conner v. Foregger, 242 Ala. 275, 7 So.2d 856; Kelly v. Hanwick, 228 Ala. 336, 153 So. 269; Sloss-

230

Sheffield Steel & Iron Co. v. Willingham, 243 Ala. 352, 10 So.2d 19; Bahakel et al. v. Great Southern Trucking Co., post, p. 363, 31 So.2d 75.

The appellants earnestly insist that the judgment rendered on the verdict is excessive. This insistence is made one of the grounds for a motion for a new trial.

We do not think it would serve any good purpose to discuss the evidence relative to the injury. If believed, it showed injury of the severest sort: injury to the brain of a permanent nature. Suffice it to say, we have carefully considered all the evidence in conference, and are unwilling to disturb the judgment of the lower court.

Upon the other question presented on motion for a new trial, we have given due consideration to the argument of defendants in this regard.

After a careful study of the record, we are persuaded, as above indicated, that a jury case was presented both upon the question of negligence as to the failure of defendants' lights as well also the matter of negligence in failure to further remove the truck from the paved or traveled portion of the highway. Upon these questions, the burden was upon defendants (Winn v. Cudahy Packing Co., 241 Ala. 581, 4 So.2d 135); and we are unwilling to disturb the ruling of the trial court in denying the motion for a new trial.

There is no error in the record, and the cause is affirmed.

Affirmed.

GARDNER, C. J., and FOSTER, LAWSON, and STAKELY, JJ., concur.