Myrtle **BEATTY**, Appellant,

v.

Brenda **ROOT**, Appellee.

Court of Appeals of Kentucky.

May 19, 1967.

Neville Smith, Manchester, Robert L. Milby, Hamm, Taylor & Milby, London, for appellant.

Lester H. Burns, Jr., Henry E. Hughes, Manchester, for appellee.

CLAY, Commissioner.

This is an appeal from a $5,000 judgment, for personal injuries, granted plaintiff appellee against defendant appellant. Defendant's principal contention on appeal is that she was entitled to a directed verdict.

While traversing Tom Cat Trail, a two-lane gravel highway near the intersection of Highway 80 in Laurel County, defendant's automobile, driven by her, ran off the road to the left and struck a utility pole. The defense was that the brakes failed and defendant steered the car off the road in an emergency to avoid traveling onto Highway 80. It is contended that the brake failure was the proximate cause of the accident and that defendant had no knowledge of this defective condition of her car.

The automobile had been purchased about two months before the accident. It was 10 years old. In a pretrial deposition defendant testified in substance that she had not had her brakes checked and that she had never used her emergency brake prior to this occasion. At the trial her son-in-law testified that shortly before the accident he had done some work on the rear end of the car, had actually done some work on the brake system, and that it was in good condition. He also testified that after the accident he found the "rear left kit blowed". There was no evidence that the emergency brake system had been tested, and it also had failed to function when defendant tried to use it.

Defendant's contention that she was entitled to a directed verdict is based partially on the argument that the owner or operator of an automobile owes no greater duty to his passenger than a homeowner does to a social guest, and that the passenger must take the automobile as he finds it. We would like here to dispel this notion, although a comparable concept crept into the case of Veal v. Davis, Ky., 343 S.W.2d 593. There the statement was made that the operator of a car owes a lesser duty to a passenger than he does to other users of the highway. No reason is given for either theory (which cannot be practically applied) and we know of none.

An automobile may become a dangerous instrumentality if in a defective condition (Gaidry Motors v. Brannon, Ky., 268 S.W.2d 627), and everybody knows this. The potential dangers of defective equipment on the highway cannot be equated with those in the home. However, it is unnecessary to compare duties owed to other classes of persons. The statute, KRS 189.090, and any standard of reasonable care requires the maintenance of adequate brakes.

We have recently held, particularly with respect to an automobile several years old (and this one was 10 years old), "that from

the mere fact of a brake failure an inference may be drawn that the owner had not exercised ordinary care with regard to maintenance". Swope v. Fallen, Ky., 413 S.W.2d 82. The plaintiff is entitled to the benefit of this inference unless there is conclusive evidence the defendant had exercised ordinary care to see that the brakes were maintained in safe condition.

In this case the defendant had not personally shown any interest in the maintenance of a good braking system and she may have been justified, in view of her recent purchase, in assuming it was adequate. But this is not a matter of law. Nor can we say as a matter of law that the testimony of her son-in-law was so conclusive as to establish that someone in the family was exercising due care to assure the proper functioning of the mechanism. There is a question of credibility here. In our opinion the inference of negligence was sufficient to take the case to the jury.

This position fits perfectly with the principle that when a motorist runs off the road a presumption (or inference) of negligence arises. Vernon v. Gentry, Ky., 334 S.W.2d 266, 79 A.L.R.2d 1. In this case when defendant drove off the highway and struck a utility pole, she was prima facie negligent (because this sort of thing does not ordinarily happen without negligence). She undertook to blame the occurrence on the failure of both her foot brake and her emergency brake but there was also an inference of negligence arising from this mechanical malfunction. The evidence introduced by her may well have effectively rebutted both inferences but that is a question for the jury and not the court to determine.

In view of the fact that there was also a question whether defendant was negligent in the operation of her automobile *after* the emergency developed, we believe this is a case in which the jury, under all the circumstances, should properly decide the issue of whether the defendant had exercised reasonable care in safeguarding her passenger from injury. Therefore defendant was not entitled to a directed verdict.

Appellant's final contention is that her motion for summary judgment should have been sustained. Assuming the motion is properly presented for review,[1] it is clear that plaintiff's pretrial testimony that defendant "had to pump her brakes" on the morning before the accident did not establish *as a matter of law* that plaintiff was contributorily negligent.

The judgment is affirmed.

All concur.

---

1. See Gumm v. Combs, Ky., 302 S.W.2d 616.