HOLMES, Judge.
The plaintiff, City of Montgomery, brought suit against the defendants, Michael Bennett and Swift Independent Packing Company, for damages suffered as a result of defendants’ truck striking a light pole maintained by plaintiff.
This lawsuit began in the Montgomery District Court, resulting in a judgment for the defendants. Plaintiff then sought relief in the circuit court. After the parties stipulated to the facts, the circuit court also held in favor of the defendants. The plaintiff appeals and we affirm.
On February 7, 1984, defendant Bennett was operating a truck owned by his em *943 ployer and co-defendant Swift. Bennett had driven the truck several miles, requiring normal usage of the brakes, when he took an exit ramp off the interstate. In anticipation of stopping, Bennett began to apply the truck’s brakes. However, upon pressing the brake pedal, Bennett discovered that the brakes were not functioning. In an effort to stop the truck, Bennett was forced to veer the truck off the exit ramp. Before he could bring the truck to a complete stop, Bennett was unable to avoid striking a light pole, knocking the pole off its foundation and onto the roadway.
Subsequent inspection of the truck’s brakes revealed a defective “prime washer” in the brakes’ master cylinder. It was stipulated at trial that the defect in the truck’s braking system would not have been discovered by visual inspection or under normal periodic maintenance. Further, it was stipulated that the truck had not experienced brake difficulty prior to the accident and had just undergone an inspection several days prior to the accident.
Plaintiff, as a result of the accident, replaced the damaged light pole at a cost of $2,329.18.
On appeal, plaintiff contends that the trial court erred in failing to find the defendants negligent, as & matter of law, in operating a truck with defective brakes on public highways. We disagree.
We note at the outset that Ala.Code (1975), § 32-5-212, governs the requirements of brakes in this state. It states as follows:
“Every motor vehicle when operated upon a highway shall be equipped with brakes adequate to control the movement of and to stop and to hold such vehicle, including two separate means of applying the brakes, each of which shall be effective to apply the brakes to at least two wheels and so constructed that no part which is liable to failure shall be common to two; except, that a motorcycle need be equipped with only one brake. All such brakes shall be maintained in good working order and shall conform to regulations not inconsistent with this section to be promulgated by the director of public safety. Any person violating this section shall be guilty of a misdemeanor.”
Plaintiff contends that this statute and the cases of William E. Harden, Inc. v. Harden, 29 Ala.App. 411, 197 So. 94 (1940), and Wood Lamber Co. v. Bruce, 275 Ala. 577, 157 So.2d 3 (1963), stand for the proposition that operation of a motor vehicle on the public highways, with or without knowledge of its defective nature, is negligence.
We find the above cases unpersuasive. The Harden case is inapposite due to the willfulness of the defendant in that case in operating a vehicle with defective brakes. We conclude from our reading of Harden that the defendant, in that case, had knowledge of the brakes’ defective nature before he operated the vehicle on the highway. This is totally opposite from the case at bar, where it was stipulated that defendants had no knowledge of the defective nature of their vehicle’s brakes.
The Wood case seems to be contradictory to the plaintiff’s position. Wood held that, while a defendant is chargeable with notice of everything an inspection would disclose, he is not required, in the absence of any evidence indicating a defect, to inspect. In other words, knowledge of the defect and operation of the vehicle with knowledge would constitute negligence.
It is important to note that, in the case at bar, the defendants had no knowledge of the truck’s defective brakes and that the truck had just undergone inspection several days prior to the accident. It was further stipulated that the brake defect was latent in nature and not discoverable on visual inspection or under normal maintenance.
Further, we note that, while Ala.Code (1975), § 32-5-212, requires no notice of defective brakes, it would be an unreasonable construction of said statute to require an operator or owner to be an insurer of the manufacturing of a brake system. We think the better rule is to require knowledge of the brakes’ defective nature as *944 apparently adopted by Wood and Dunklin v. Hanna, 229 Ala. 242, 156 So. 768 (1934). In Dunklin, our supreme court held that a latent defect in the braking mechanism of a vehicle was not “actionable negligence.” Dunklin, 229 Ala. at 244, 156 So. at 769.
Finally, while we note that plaintiff has cited this court to authority from other jurisdictions in support of its position, these cases represent a minority view. The majority view is to this court the better rule, as apparently followed by our supreme court in Dunklin.
This rule has been pronounced as follows: An owner or operator of a motor vehicle which inflicts injury or damage as a result of violation of a safe-brake statute does not create absolute liability for damages suffered as a result of said violation, and the owner or operator is excused from liability, insofar as liability is based upon the instance of a brake defect, if he did not have notice, actual or constructive, of the brake defect and exercised reasonable care with respect to the inspection and maintenance of said braking system. See Annot., 40 A.L.R.3d 9, 45-6 (1971).
We, therefore, conclude that, since the defendants were found to be without knowledge of the brakes’ defective nature and had exercised reasonable care with regard to inspection and maintenance of said system, the trial court was correct in finding for the defendants.
This case is, therefore, due to be and is hereby affirmed.
AFFIRMED.
WRIGHT, P.J., and BRADLEY, J„ concur.