Robin DARNELL, Plaintiff–Appellant,

United States of America, Plaintiff,

v.

NANCE'S CREEK FARMS, etc., et al., Defendants,

Richard Garza and Gerald Willis, Defendants–Appellees.

No. 89–7282.

United States Court of Appeals, Eleventh Circuit.

June 22, 1990.

Thomas J. Knight, Danny Morris, Anniston, Ala., Frank W. Donaldson, U.S. Atty., and James D. Ingram, Asst. U.S. Atty., Birmingham, Ala., for plaintiffs-appellants.

W.J. McDaniel, Robert S.W. Given, McDaniel, Hall, Conerly & Lusk, Birmingham, Ala., and James S. Hubbard, Anniston, Ala., for defendants-appellees.

\* *See* Rule 34–2(b), Rules of the U.S. Court of Appeals for the Eleventh Circuit.

\*\* Honorable Virgil Pittman, Senior U.S. District Judge for the Southern District of Alabama, sitting by designation.

Before FAY, Circuit Judge, and RONEY \*, Senior Circuit Judge, and PITTMAN \*\*, Senior District Judge.

PITTMAN, Senior District Judge:

On March 23, 1988, the Appellant, Robin Darnell (Darnell), filed suit in the Northern District of Alabama against defendants Nance's Creek Farms, Ricardo Garza (Garza), Gerald Willis (Willis), and A.T. Babb & Sons, Inc.[1] The Appellant sought damages for injuries suffered while a passenger in a 1968 Chevrolet pick-up truck owned by defendant Willis. The suit alleged negligent manufacturing of the truck bed against Babb, and negligent maintenance of the truck against Garza and Willis. Garza and Willis answered denying liability and raising several affirmative defenses. On November 23, 1988, the court granted Darnell's motion to amend the complaint adding the United States as a party plaintiff on the basis of subrogation for medical expenses paid. The action was consolidated with another action which arose out of the same occurrence.

When the case was called for trial, the court granted summary judgment without prejudice against the plaintiff in the other action because the administrator had not been properly appointed. Further, the court granted Darnell's motions to dismiss Nance's Creek Farms without prejudice and A.T. Babb & Sons, Inc. with prejudice. After two days of trial, the trial court granted Garza and Willis' motion for a directed verdict. In granting the motion for a directed verdict, the district court relied upon the case of *City of Montgomery v. Bennett*, 487 So.2d 942 (Ala.Civ.App. 1986). On March 23, 1989, the court denied Darnell's motion for rehearing to amend, alter or vacate the judgment and Darnell filed her motion to appeal on April 7, 1989.

1. The district court entered a default judgment against A.T. Babb for failure to respond.

We reverse and remand for determination of the case by a jury.

On June 13, 1987, Robin Darnell, a citizen of Ohio, was traveling from north Alabama to the Atlanta Farmer's Market with Keith Gruber, Jr. in a 1968 Chevrolet pickup truck owned by Willis and maintained by Garza. The truck was loaded with 149 boxes of squash grown by Garza. After loading the squash, Gruber drove the truck and made several stops prior to proceeding to Atlanta. Darnell testified that Gruber made several comments about the brakes feeling strange prior to the accident. Darnell and Gruber proceeded to Atlanta and Darnell fell asleep. She was awakened by Gruber when he stated that the truck would not stop. Darnell stated that when she awoke the truck was traveling approximately 45 mph and 800 feet from an intersection. Darnell testified that Gruber said, "It just won't stop" and she responded "Don't turn or the truck will flip." The truck proceeded through an intersection and ran into a ditch resulting in the death of Gruber and personal injury to Darnell.

Willis purchased the truck in May, 1986, when the truck had approximately 91,400 miles on the odometer. At the time of the accident, the odometer registered mileage of 1,000. After Willis bought the truck, Garza performed any maintenance that was required during the period prior to the accident. Willis testified that he had driven the truck on previous occasions and to Atlanta to deliver a load of produce on June 6, 1987.

Four months after the accident, Robert W. Hill, Darnell's first expert, examined the truck and found that the rear-wheel brakes were covered with grease from the axle. Mr. Hill testified that the accumulation of grease caused the failure of the braking system. Hill stated that the braking system on this truck should be checked once a year or every 25,000 to 30,000 miles. Hill testified that the cause of the accumulation of grease was from the improper re-use of grease seals on the rear axles.

John Sims, Darnell's second expert, testified that based upon pictures of the rear brakes, the buildup of grease occurred over a period of several weeks. Sims said that the condition would have caused decreased braking but that it would not be readily apparent to each person driving the truck. Sims further testified that if the brakes were in the same condition on the night of the accident then the brakes would not have operated properly. According to a manual he relied upon, Sims stated that the brakes should have been checked once a year or every 12,000 miles. Both experts agreed that the only method of inspection that would have revealed the condition would have been removing the rear wheels and visually inspecting the brakes.

The standard of review of a district court's granting of a directed verdict is whether "when the facts and inferences are viewed in the light most favorable to the opposing party, 'the facts and inferences point so strongly and overwhelmingly in favor of one party the Court believes that reasonable men could not arrive at a contrary verdict.'" *United States v. Vahlco Corp.*, 720 F.2d 885, 889 (11th Cir.1983) (quoting *Boeing Co. v. Shipman*, 411 F.2d 365, 374 (5th Cir.1969) (*en banc*)). Additionally, the court should "consider all evidence and not just evidence supporting the non-movant's case." *Gregory v. Massachusetts Mutual Life Insurance Co.*, 764 F.2d 1437, 1440 (11th Cir.1985). A directed verdict should be denied "if there is substantial evidence of such quality and weight that reasonable persons might reach different conclusions,...." *Kaye v. Pawnee Construction Co.*, 680 F.2d 1360, 1364 (11th Cir.1982). Part I of this opinion concerns the duty imposed upon the defendants by Alabama law. Part II of this opinion concerns the burden of proof on the parties under Alabama law.

## I. THE DEFENDANTS' DUTY UNDER ALABAMA LAW

The law in Alabama contains a Safe Brake Statute which provides that

> every motor vehicle when operated upon a highway shall be equipped with brakes adequate to control the movement of and to stop and to hold such vehicle, including two separate means of applying the brakes, each of which shall be effective

to apply the brakes to at least two wheels, and so constructed that no part, which is liable to failure, shall be common to two; except, that a motorcycle need be equipped with only one brake. *All such brakes shall be maintained in good working order* and shall conform to regulations, not inconsistent with this section, to be promulgated by the Director of Public Safety. Any person violating this section shall be guilty of misdemeanor.

Ala.Code § 32–5–212 (1975) (emphasis added). This statutory provision has been interpreted to impose negligence *per se* upon owners who fail to maintain adequate brakes on their vehicles. *See William E. Harden, Inc. v. Harden,* 29 Ala.App. 411, 197 So. 94, 97 (1940).

In 1986, the Alabama Court of Civil Appeals re-examined the Safe Brake Statute in *City of Montgomery v. Bennett,* 487 So.2d 942 (Ala.Civ.App.1986). It is important to examine the facts of *Bennett* in order to apply the case to the controversy at hand. In *Bennett,* the City of Montgomery brought suit against Bennett and his employer seeking damages arising out of the destruction of a light pole due to an collision between the employer's truck and the light pole. *Bennett,* 487 So.2d at 943. A defective "prime washer" in the brake's master cylinder was the cause of the brake failure and the parties stipulated that the defective washer would not have been discovered by visual inspection or under normal periodic maintenance. *Id.* Additionally, the parties stipulated that the truck had not experienced brake difficulty and had undergone an inspection several days prior to the accident. *Id.* The City of Montgomery appealed the trial court's refusal to find the defendants negligent as a matter of law. *Id.* The Court of Civil Appeals rejected the city's position because the condition was caused by a latent defect and therefore not "actionable negligence." *Id.* at 944 (quoting *Dunklin v. Hanna,* 229 Ala. 242, 156 So. 768 (1934)). The court stated that the better rule of law was that a

violation of a Safe Brake Statute does not create absolute liability for damages

suffered as a result of said violation, and the owner or operator is excused from liability, insofar as liability is based upon the instance of a brake defect, if he did not have notice, actual or constructive, of the brake defect and exercised reasonable care with respect to the inspection and maintenance of said braking system.

*Bennett,* 487 So.2d at 944. The court held that finding the defendants negligent as a matter of law would be unreasonable because the "defendants were found to be without knowledge of the brake's defective nature and had exercised reasonable care with respect to inspection and maintenance of said system, . . . ." *Id.* at 944.

■ This court is of the opinion that this language constitutes a two-prong test to determine whether the owner or operator of a motor vehicle operated upon the highways of Alabama is liable for damages caused by defective brakes on the vehicle. First, the owner or operator must lack knowledge, either actual or constructive, of the defective condition. Second, the owner or operator must exercise reasonable care in the inspection and maintenance of the motor vehicle's braking system.

■ The court does not need to address the district court's ruling as to the first prong because the plaintiff produced substantial evidence to allow the case to go to the jury on the second prong of the test, as discussed below.

As to the second prong, Darnell produced substantial evidence that the defendants failed to exercise reasonable care in the inspection and maintenance of the braking system on the truck. Both of Darnell's experts testified that the braking system should have been inspected at least once a year. A manual relied upon by Mr. Sims stated that the brakes should be inspected by removing the brake drums every 12,000 miles or once a year, whichever occurred first. Mr. Willis testified that he purchased the truck in May, 1986, and the odometer reading was approximately 91,-400 miles. At the time of the accident, the truck was approximately 20 years old. The record reflects that the accident occurred

some thirteen months and 10,000 miles after the purchase of the truck. Additionally, the record demonstrates that at some point in time the grease seals on the rear axles were damaged and reused. The damaged grease seals caused the accumulation of grease on the braking mechanism thereby causing the failure of the braking system. There is no evidence that the Appellees inspected the braking system during the thirteen-month period after purchasing the truck. However, due to the nature of the damage to the seals, the defective condition would have been revealed upon visual inspection of the braking system. This court is of the opinion that this evidence constitutes substantial evidence sufficient to allow reasonable people to conclude that the Appellees failed to exercise reasonable care in the inspection and maintenance of the truck's braking system.

Although the courts of Alabama have not addressed a case presenting the question of whether the owner's failure to inspect the braking system on an older model motor vehicle constitutes lack of reasonable care, other jurisdictions have found that a failure to inspect such a vehicle violated the standard of reasonable care. In *Wheeler v. Rabine*, 15 A.D.2d 407, 224 N.Y.S.2d 483 (N.Y.App.Div.1962), the court held that, although an owner was not a insurer of the automobile, the determination of whether the owner's conduct was reasonable was a question for the jury. The court stated

> [c]onsidering that the appellant's car was 10 years old and had traveled 90,000 miles, and that the cursory inspection performed some 10 months prior to the accident, ..., consisted merely of applying pressure to the brake pedal to see if it would depress more than half way to the floor board, ... the Trial Court was correct herein in submitting the question of whether appellant's care in respect to his brakes was reasonable under the circumstances....

*Wheeler*, 224 N.Y.S.2d at 485.

In *Beatty v. Root*, 415 S.W.2d 384 (Ky. 1967), the defendant had purchased a 10–year–old automobile two months before the accident giving rise to the cause of action. The evidence demonstrated that the braking system, standard or emergency, had not been checked by the defendant but the defendant's son testified at trial that he had performed some work on the rear brakes and that the brakes were in good condition. *Beatty*, 415 S.W.2d at 385. Rejecting the defendant's contention that the trial court erred in not granting her motion for a directed verdict, the Kentucky Court of Appeals stated that

> [t]he statute, KRS 189.090, and any standard of reasonable care requires the maintenance of adequate brakes. We have recently held with respect to an automobile several years old (and this one was 10 years old), "that from the mere fact of a brake failure an inference may be drawn that the owner had not exercised ordinary care with regard to maintenance."

*Id.* at 385–86 (quoting *Swope v. Fallen*, 413 S.W.2d 82, 84 (Ky.1967)). The language in the Kentucky statute establishing the owner or operator's duty of care is identical to the language in the Alabama statute. The Kentucky statute states that "[a]ll brakes shall be maintained in good working order...." Ky.Rev.Stat. § 189.090(3)(e) (1989). This court is of the opinion that, if the courts of Alabama were presented with this fact situation, the courts of Alabama would find that whether the Appellees had exercised reasonable care would be a question for the jury.

## PART II THE BURDEN OF PROOF UNDER ALABAMA LAW

■ Furthermore, in *Bennett*, the Alabama Court of Civil Appeals relied upon Annotation, 40 A.L.R.3d 9 (1971) for the following language:

> the owner or operator is excused from liability, insofar as liability is based upon the instance of a brake defect, if he did not have notice, actual or constructive, of the brake defect and exercised reasonable care with respect to the inspection and maintenance of said braking system.

*Bennett*, 487 So.2d at 944. This language demonstrates that an owner or operator can avoid the burden of negligence *per se*

for a violation of the Safe Brake Statute by proving (1) lack of notice of the defective condition, and (2) exercise of reasonable care in maintenance and inspections. The annotation relied upon by the Alabama Court of Civil Appeals confirms that once a plaintiff has shown a violation of the Safe Brake Statute the burden of proof shifts to the defendant to show an excuse. The annotation states:

> [i]n a number of jurisdictions there are decisions in which the court states that the violation of statutes or regulations governing brakes is negligence per se, or negligence as a matter of law. While the meaning of such terminology appears to vary among the jurisdictions, and while the jurisdictions generally adopt the position that the violation of a safe-brake statute may, under the facts and circumstances of the case, be excused, it would appear that the language suggests at least that such violation, if a proximate cause of the injury or death complained of, states a cause of action against the violator and places the burden of going ahead with the evidence to establish excuse or absence of negligence.

Annotation, 40 A.L.R.3d 9, 43 (1971).[2] The facts in *Bennett* demonstrate that the owner and operator produced evidence that the braking system had been inspected a few days before the accident and that a visual inspection would not have revealed the defective condition. By producing such evidence, the owner and operator proved an excuse sufficient to avoid the consequences of violation of the Safe Brake Statute. While the courts of Alabama have not specifically stated that the burden of proof shifts to the owner or operator on the issue of defective brakes, the Alabama Supreme Court has shifted the burden on other violations of rules of the road which constituted negligence *per se.*

In *Cosby v. Flowers,* 249 Ala. 227, 30 So.2d 694 (1947), the plaintiff sustained in-

juries in an automobile accident caused by the defendants' failure to remove a vehicle completely from the road and failure to have lights on a parked vehicle. *Cosby,* 30 So.2d at 695. The plaintiff brought suit seeking damages for negligence and alleging violation of a statutory rule of the road, which constituted negligence *per se. Id.* The jury returned a verdict for the plaintiff and the trial court denied the defendants' motion for a new trial. *Id.* at 696. The defendants sought a new trial on the basis that the verdict was excessive and the trial court erroneously shifted the burden of proof to the defendants. *Id.* On the burden of proof question, the Supreme Court of Alabama held that "a jury case was presented upon both the question of negligence as to the failure of defendants' lights as well also the matter of negligence in failure to further remove the truck from the paved or traveled portion of the highway. Upon these questions, the burden was upon defendants...." *Id.*

Another reason for shifting the burden of proof to the Appellees is that the facts concerning the braking system are peculiarly within the Appellees' knowledge. In *Newell Contracting Co. v. Berry,* 223 Ala. 109, 134 So. 870 (1931), the plaintiff was injured in a collision between the vehicle, driven by her husband, and the defendant's vehicle which had been left parked and unattended on the highway. *Berry,* 134 So. at 872. The plaintiff's complaint alleged that the defendant's actions constituted negligence *per se* and proximately caused her injuries. *Id.* at 871–72. The jury returned a verdict for the plaintiff and the defendant appealed. *Id.* at 871. The Supreme Court of Alabama affirmed and stated:

> [i]f the truck was allowed to remain in the road for some temporary purpose, or due to a breakdown, without the opportunity to remove it, and it was not a voluntary act of the one in charge of it, or that

**2.** *See also* 11 *Blashfield Automobile Law & Practice,* § 416.2 (rev. 3d ed. 1977). *Blashfield* states:

As a general rule, the failure to comply with a statute regulating the equipment or operation of motor vehicles creates a prima facie case of

negligence, but there may be facts which will excuse a technical violation of the statute. The burden is on the defendant to offer proof in legal excuse or avoidance of the failure to observe the statute.

*Id.*

it was not done by one with due authority, the facts are presumed to be peculiarly known to the defendant, and it should have produced them, otherwise the presumption of such matters is indulged against defendant.

*Id.* at 872. This court is of the opinion that given the facts of this case, the law of Alabama shifts the burden of proof to the Appellees to prove lack of notice and exercise of due care once Darnell had demonstrated that her injuries were proximately caused by the defective brakes on the truck. On remand, the burden of proof is shifted to the defendants to produce evidence establishing that they lacked notice and exercised reasonable care in the inspection and maintenance of the truck.

CONCLUSION

Upon consideration of oral arguments, briefs and the record, this court is of the opinion that Darnell produced substantial evidence demonstrating that the Appellees failed to exercise reasonable care in the inspection and maintenance of the truck. Therefore, the district court erred in directing a verdict in favor of the Appellees at the conclusion of Darnell's case.

Furthermore, this court is of the opinion that Alabama law concerning adequate brakes on a motor vehicle would shift the burden of proof to an owner or operator to show lack of notice and exercise of reasonable care once an injured party has demonstrated a defective braking system proximately caused the injuries suffered.

Accordingly, we reverse and remand for further proceedings consistent with this opinion.

REVERSED and REMANDED.